FILED

COPY

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   PETER L. GARCHIE, SB# 105122
2     E-Mail: Peter.Garchie@lewisbrisbois.com
   JAMES P. McDONALD, SB# 281804
3     E-Mail: James.McDonald@lewisbrisbois.com
   701 B Street, Suite 1900
4  San Diego, California 92101
   Telephone: 619.233.1006
5  Facsimile: 619.233.8627

6  Attorneys for Defendant HOME DEPOT USA, INC.

7                    UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9                         **CV14-6283 PJW**

10  ABDOLLAH NOURI, an individual        CASE NO.

11             Plaintiff,                **NOTICE OF REMOVAL OF
                                         ACTION TO FEDERAL COURT
12      vs.                              PURSUANT TO 28 U.S.C. SECTION
                                         1441(b) (DIVERSITY);
13  RYOBI AMERICA CORPORATION,           CERTIFICATE OF INTERESTED
    a subsidiary of ONE WORLD            PARTIES; DECLARATION OF
14  TECHNOLOGIES, INC., a corporation;   JAMES P. McDONALD IN
    HOME DEPOT USA, INC.; a              SUPPORT THEREOF
15  corporation AND DOES 1 through 50,
    inclusive
16

17             Defendants.

18

19

20  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

    **CENTRAL DISTRICT OF CALIFORNIA:**
21

22         PLEASE  TAKE  NOTICE  THAT  Defendant  HOME  DEPOT  USA,  Inc.

23  ("Home  Depot"  or  "Defendant"),  by  and  through  its  undersigned  attorneys  of

    record, hereby removes to this Court the state court action described below.
24

25                        **JURISDICTION AND VENUE**

26         1.     This Court has subject matter jurisdiction of this action under 28 U.S.C.

27  §1332, and is one which may be removed to this Court by Defendant pursuant to the

    provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens or
28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1  subjects of a foreign state and a citizen of a different state, and the amount in

2  controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of

3  interest and costs.

4       2.     Venue is proper in the Central District of California pursuant to 28

5  U.S.C. §§ 1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this

6  judicial district and a substantial part of the events giving rise to this lawsuit

7  occurred in the Central District of California.

8  **GROUNDS FOR REMOVAL**

9       3.     This Notice of Removal is timely.  Plaintiff commenced his action in

10  the Superior Court of the State of California in and for the County of Los Angeles,

11  entitled *Abdollah Nouri v. Ryobi America Corporation; One World Technologies,*

12  *Inc..; Home Depot U.S.A., Inc. and DOES 1 through 50,* Case No. BC548916 (the

13  "*Nouri* action").  A true and correct copy of the summons and first amended

14  complaint are attached hereto as Exhibit "A".

15       4.     The first date on which Home Depot received a copy of the summons

16  and complaint in the *Nouri* action was on July 11, 2014 when it was served with a

17  summons and complaint.  This notice of removal is timely because pursuant to 28

18  U.S.C. § 1441(b), Home Depot has until Monday, August 11, 2014 to file this

19  notice.

20       5.     Diversity jurisdiction lies over this action.  This matter is a civil action

21  over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one

22  which may be removed to this Court by defendant pursuant to the provisions of 28

23  U.S.C. § 1441(b) because it is a civil action between citizens of different states and

24  the matter in controversy exceeds the sum of $75,000, exclusive of interest and

25  costs.

26       6.     In this lawsuit, Plaintiff Abdollah Nouri claims that on or about June

27  22, 2012, he sustained an injury while using a Ryobi circular saw. (Complaint ¶¶ 6-

28  8.)  Plaintiff asserts causes of action for (a) strict liability based on a design defect

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 (Complaint ¶¶ 11-24); negligence (Complaint ¶¶ 25-31); and failure to warn
2 (Complaint ¶¶ 32-35).  Plaintiff also makes a prayer for an award of punitive
3 damages (Complaint, Prayer, ¶ 7.)

4      7.   Diversity of citizenship is based upon the following:

5      (a)   Plaintiff Abdollah Nouri is and was at all relevant times a citizen
6 of the State of California.  (Complaint ¶ 1.)

7      (b)   Defendant Ryobi America Corporation. ("Ryobi America") is no
8 longer in existence and has never been affiliated with One World
9 Technologies, Inc. or any of its group of companies.  (Declaration of
10 Mark Rowe, ¶ 3.)

11      (c)   Defendant Home Depot USA, Inc. ("Home Depot") was at the
12 time of filing this action, and still is, a corporation incorporated under
13 the laws of the State of Delaware, and having its principal place of
14 business in Atlanta, Georgia.  (Declaration of James McDonald, ¶ 5.)

15      8.   The damages Plaintiff contends he is entitled to recover from Home
16 Depot in this action include:

17      (a)   General damages. (Complaint, Prayer ¶ 1.)  (In accordance with
18 California Code of Civil Procedure section 425.10(b), Plaintiff has not
19 set forth the amount of such damages.);

20      (b)   Medical Expenses (Complaint, Prayer ¶ 2);

21      (c)   Loss of earnings.  (Complaint, Prayer ¶ 3);

22      (d)   Interest on the amount of judgment commencing from the filing
23 of an offer to compromise pursuant to C.C.P. § 998 (Complaint, Prayer
24 ¶ 4);

25      (e)   Prejudgment interest (Complaint, Prayer ¶ 5);

26      (f)   Costs of suit (Complaint, Prayer ¶ 6); and

27      (g)   Punitive damages (Complaint, Prayer ¶ 7).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-8800-0284.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b); DECLARATION OF JAMES
P. McDONALD IN SUPPORT THEREOF

1

2      Wherefore, Defendant Home Depot USA, Inc. prays that this action be

3  removed to this Court.

4

5  DATED: August 11, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8                                   By: _____

9                                        Peter L. Garchie
                                         James P. McDonald
10                                       Attorneys for Defendant HOME DEPOT
                                         USA, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, the undersigned certifies that as of this date, the following have an interest in the outcome of this case:

Home Depot, Inc. (parent company of defendant Home Depot USA, Inc.)

DATED: August 11, 2014

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter L. Garchie
James P. McDonald
Attorneys for Defendants RYOBI
AMERICA CORPORATION and ONE
WORLD TECHNOLOGIES, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# DECLARATION OF JAMES P. McDONALD

I, James P. McDonald, declare as follows:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and the United States District Court, Central District of California, and associate for the law firm of Lewis Brisbois Bisgaard & Smith LLP. I am one of the attorneys of record for Defendant Home Depot USA, Inc.. ("Home Depot" or "Defendant") in the above-captioned litigation. I make this declaration in support of Defendant's removal of the above-captioned case from state court to federal court. The following facts are personally known to me and if called as a witness I could and would competently testify thereto.

2.      This action is a civil action of which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, *et seq.*

3.      Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Superior Court of California, County of Los Angeles, as further required by that Section.

3.      Defendant Home Depot USA, Inc. was served with a copy of the Complaint on July 11, 2014.

4.      To date, no defendant has filed a response to the Complaint.

5.      Defendant Home Depot was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Delaware, and whose principal place of business is Atlanta, Georgia.

6.      Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint filed with the Los Angeles County Superior Court clerk, styled: *Abdollah Nouri v. Ryobi America Corporation, et al.*, case no. BC548916, filed on June 18, 2014.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     7.    I, the undersigned counsel for defendant Home Depot USA, Inc., have

2 read the foregoing and sign this Notice of Removal pursuant to Rule 11 of the

3 Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

4     I declare under penalty of perjury under the laws of the United States of

5 America and the laws of the State of California that the foregoing is true and correct

6 and that this declaration was executed this 11th day of August, 2014, at San Diego,

7 California.

8

9 James P. McDonald

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4849-8800-0284.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

# EXHIBIT A

*C S C*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

JUN 18 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes. Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RYOBI AMERICA CORPORATION, a subsidiary; (Additional Parties
Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ABDOLLAH NOURI, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT

CASE NUMBER:
*(Número del Caso):* B C 5 4 8 9 1 6

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander H. Escandari SBN 183781, 9100 Wilshire Blvd #E725, Beverly Hills, CA 90212; (310) 492-2000

DATE:                          Clerk, by                          , Deputy
*(Fecha)*                       *(Secretario)*                      *(Adjunto)*

*SHERRI R. CARTER*                                     *Amber Hayes*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUN 18 2014

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [XX] on behalf of *(specify):* **RYOBI AMERICA CORPORATION, a subsidiary**

   under: [XX] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [XX] by personal delivery on *(date):* 7/10/14

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NOURI v. RYOBI AMERICA CORPORATION, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ONE WORLD TECHNOLOGIES, INC., a corporation; HOME DEPOT U.S.A, INC., a corporation; AND DOES 1 through 50, inclusive.

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Alexander H. Escandari, SBN 183781
L.A. TRIAL LAWYERS, INC.
9100 Wilshire Blvd., East Tower, Suite 725
Beverly Hills, California 90212
Telephone (310) 492-2000, Facsimile (310) 492-2001

Attorney for Plaintiff Abdollah Nouri

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 18 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes. Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ABDOLLAH NOURI, an individual )<br><br>     Plaintiff )<br> )<br> )<br>v. )<br> )<br>RYOBI AMERICA CORPORATION, a )<br>subsidiary of ONE WORLD )<br>TECHNOLOGIES, INC., a corporation; )<br>HOME DEPOT U.S.A, INC., a corporation; )<br>AND DOES 1 through 50, inclusive. )<br> )<br> )<br>     Defendants )<br> | BC548916<br><br>COMPLAINT FOR DAMAGES FOR<br>1.  STRICT PRODUCTS LIABILITY –<br>     DESIGN DEFECT.<br>2.  NEGLIGENCE AS TO<br>     DEFENDANT RYOBI<br>3.  FAILURE TO WARN |

Plaintiff, ABDOLLAH NOURI, an individual, (hereafter "Plaintiff") submits his complaint and alleges all causes of action set forth herein against Defendants, RYOBI AMERICA CORPORATION, a subsidiary of ONE WORLD TECHNOLOGIES, INC., a corporation; HOME DEPOT U.S.A., INC., a corporation; AND DOES 1 through 50, inclusive.

1.  At all times mentioned herein and relevant to this complaint, Plaintiff Abdollah Nouri, was, and is now, a resident of Los Angeles County, California.

-1-

2. Defendant Ryobi America Corporation (hereafter "Ryobi") is now, and has been at all times relevant to the complaint, a corporation doing business in the state of California which was engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the Ryobi 18v Circular Power Saw Tool that plaintiff was operating at the time of his injury (hereafter "saw") and its component parts and constituents, for resale to and use by members of the general public for the purpose of cutting wood and other related activities.

3. Defendant Home Depot U.S.A., Inc. ("Home Depot") was the retailer doing business in the state of California who was involved in the retail of Ryobi products, including the circular saw.

4. The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

5. At all times herein mentioned, Plaintiff is informed and believes, and therefore alleges that each of the Defendants was the agent and employee(s) of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

6. On or about June 22, 2012, Plaintiff was cutting a 2x2 piece of wood in his home using the Ryobi circular saw.

7. At one point, the wood became lodged between the blade and the guard of the saw. Plaintiff attempted to remove the piece, at which point the saw became active.

8. As a result, Plaintiff's left index finger was amputated by the saw.

9.  Plaintiff sought treatment that day from Dr. Bruce M. Ascough, MD, who performed surgery on his hand.

10. Afterwards, Plaintiff suffered pain, bruising, and swelling as well as the permanent disfigurement of his hand from the loss of his index finger, which has made it difficult for Plaintiff to engage in daily tasks and work around the house.

**FIRST CAUSE OF ACTION AS TO DEFENDANT RYOBI: STRICT PRODUCTS LIABILITY – DESIGN DEFECT.**

11. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

12. Defendant Ryobi designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the saw and its component parts and constituents, which was intended by Defendant Ryobi to be used for the purpose of sawing wood and other related activities.

13. Defendant Ryobi knew that said saw was to be purchased and used without inspection for defects by Plaintiff and the general public.

14. The said saw was unsafe for its intended use by reason of defects in its design and components and constituents, so that it would not safely serve its purpose, but would instead expose the users of said product to serious injury because of the failure of Defendant Ryobi to properly guard and protect the users of the said saw from the defective design of said product.

15. Plaintiff was not aware of said defects in design at any time prior to the injuries caused by the said saw.

16. As a direct and proximate result of the said defects of the said saw, Plaintiff sustained severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

17. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for surgeries, ambulance service, medicines, x-rays, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

18. Defendant Ryobi designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the saw and its component parts and constituents, including but not limited to the said saw, a product which Defendant Ryobi knew, or should have known, to be dangerous and defective for the purpose for which they intended it to be used. At all times herein mentioned, prior to and at the time the Defendant Ryobi sold the saw involved in this case and prior to the time that saw was used by Plaintiff herein, Defendant Ryobi knew or should have known, as a result of studies, tests, research, complaints of consumers and other information, that the saw was defective or was likely to be defective, which would cause serious injury and damage to the user of the said saw, thereby threatening the life and health of the consumer. Additionally, and at all of said times, the Defendants, and each of them, knew that the said saw had defects in its design and had caused serious injury and damage to other users of the same.

19. At all times herein mentioned, Defendant Ryobi despite the actual knowledge described hereinabove, intentionally suppressed the aforementioned results, saw complaints, and other information to keep such knowledge from the general public, including the Plaintiff, and failed to take any steps to warn Plaintiff, or other members of the general public, of the dangers of using said saw.

20. At all times herein mentioned, Defendant Ryobi had actual knowledge of the facts hereinabove alleged demonstrating that serious injury to users of the said saw, including Plaintiff herein, would probably result. Defendants, and each of them, nevertheless deliberately failed and refused to take appropriate steps to prevent such injuries. Defendant

Ryobi intentionally misrepresented the safety of saw, and failed and refused to take any steps to prevent injury from the said saw in order to increase the profit of Defendant Ryobi, from the sale of said saw.

21. As a direct and proximate result of the said defects and the acts and conduct of Defendant Ryobi, as hereinabove alleged, Plaintiff sustained the injuries and damages hereinabove set forth.

22. The conduct and acts of Defendant Ryobi as hereinabove set forth, in allowing such an extremely dangerous saw to be used by a member of the general public, including the Plaintiff herein, constitute fraud, malice, and oppression toward Plaintiff and a wilful and conscious disregard of the safety of Plaintiff herein. Plaintiff is therefore, entitled to punitive damages, which would serve to punish and make examples of Defendant Ryobi, as the court may deem just and proper.

23. Defendant Ryobi had advance knowledge of the unfitness of any employee who was responsible for the aforementioned actions and/or inactions, and Defendant Ryobi employed such employee or employees with a conscious disregard of the rights or safety of others and/or authorized the ratified wrongful conduct upon which punitive damages are claimed herein.

24. The advance knowledge, conscious disregard, authorization, ratification or acts of oppression, fraud or malice were on the part of the officers, directors, and/or managing agents of the Defendant Ryobi sued in this cause of action.

**SECOND CAUSE OF ACTION AS TO DEFENDANT RYOBI: NEGLIGENCE**

25. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

26. Defendant Ryobi is now, and has been at all times relevant to the complaint, a corporation doing business in the state of California which was engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging,

1  labelling, fabricating, constructing, analyzing, distributing, servicing, merchandising,

2  recommending, advertising, promoting, marketing and the saw and its component parts and

3  constituents, for resale to and use by members of the general public for the purpose of cutting

4  wood and other related activities.

5  27. Defendant Ryobi so negligently and carelessly manufactured, designed, assembled,

6  compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled,

7  fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended,

8  advertised, promoted, marketed and sold the said saw and its component parts and

9  constituents, so that it was in a dangerous and defective condition, and unsafe for the use and

10  purpose for which it was intended when used as recommended by the Defendants, and each

11  of them.

12  28. The defective and dangerous character and condition of the said saw, and that it was unsafe

13  for the use and purpose for which it was intended when used as recommended by Ryobi, was

14  known to Ryobi, or in the exercise of ordinary and reasonable care should have been known

15  and discovered by Ryobi. Furthermore, the dangerous and defective character and condition

16  of the said saw was not made known to the Plaintiff by Ryobi.

17  29. At the time of the incident, while Plaintiff was using the said saw, for the purpose for which

18  it was intended, and as a proximate result of the said negligence and carelessness of Ryobi,

19  the saw was caused to amputate the index finger on Plaintiff's hand thereby causing serious

20  and severe injuries to the Plaintiff as hereinafter alleged.

21  30. As a direct and proximate result of the said negligence and carelessness of Ryobi, Plaintiff

22  was made sick, sore, lame and disabled, and was caused to and did suffer and sustain serious

23  injuries including but not limited to amputations, contusions, abrasions, wrenches and sprains

24  on or about Plaintiff's hand. Plaintiff has suffered severe and excruciating pain and

25  distressing mental anguish as a result of said injuries, and Plaintiff has also suffered general

26  shock and traumatic neurosis as a result of the said negligence and carelessness of Ryobi.

27  Plaintiff has suffered, and for a long period of time to come will continue to suffer, said pain

28  and mental anguish as a result of said injuries.

31. In the treatment of the aforesaid injuries, Plaintiff has incurred, is presently incurring, and will incur liability for the services of physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the true and exact amount to be determined by proof at trial.

## THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS: FAILURE TO WARN

32. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

33. At the aforementioned time when Defendant Ryobi manufactured designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold the saw, and all component parts thereof, including but not limited to the said saw, and all component parts thereof, as hereinabove set forth, the saw was defective as a result of the Defendant Ryobi's failure to give a clear, specific, and adequate warning by sign, label or otherwise as to said saw's dangers, thereby making the saw unsafe for its intended purposes.

34. As a direct and proximate result of the said failure to warn of Ryobi, Plaintiff was made sick, sore, lame and disabled, and was caused to and did suffer and sustain serious injuries including but not limited to amputations, contusions, abrasions, wrenches and sprains on or about Plaintiff's hand. Plaintiff has suffered severe and excruciating pain and distressing mental anguish as a result of said injuries, and Plaintiff has also suffered general shock and traumatic neurosis as a result of the said failure to warn of Ryobi. Plaintiff has suffered, and for a long period of time to come will continue to suffer, said pain and mental anguish as a result of said injuries.

35. In the treatment of the aforesaid injuries, Plaintiff has incurred, is presently incurring, and will incur liability for the services of physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the true and exact amount to be determined by proof at trial.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

1. General damages in an amount to be determined according to proof;

2. Medical expenses according to proof;

3. Loss of earnings according to proof;

4. Interest on the amount of judgment commencing from the filing of an offer to compromise pursuant to C.C.P. § 998;

5. Prejudgment interest on those damages attributable to an ascertainable economic value;

6. Costs of suit herein;

7. Punitive damages according to proof; and

8. Such other and further relief as the Court may deem just and proper.

DATED: June 17, 2014                    L.A. TRIAL LAWYERS, INC.


BY: _____
                                        Alexander H. Escandari, Esq.
                                        Attorney for Abdollah Nouri

-8-

# FEDERAL COURT PROOF OF SERVICE

*Abdollah Nouri v. Ryobi America Corporation et al.*

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 11, 2014, I served the following document(s):

• **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441(b) (DIVERSITY); CERTIFICATE OF INTERESTED PARTIES; DECLARATION OF JAMES P. McDONALD IN SUPPORT THEREOF**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Alexander H. Escandari, Esq.
LA TRIAL LAWYERS, INC.
9100 Wilshire Blvd., East Tower, Suite 725
Beverly Hills, California 90212
Tel:  310.492.2000
**Attorney for Plaintiff ABDOLLAH NOURI**

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 11, 2014, at San Diego, California.

*Elaine Lallana*
Elaine Lallana

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br><br>ABDOLLAH NOURI | **DEFENDANTS**   ( Check box if you are representing yourself ☐ )<br><br>RYOBI AMERICA CORPORATION, a subsidiary of ONE WORLD TECHNOLOGIES, INC., a corporation; HOME DEPOT USA, INC.; a corporation AND DOES 1 through 50, inclusive |
| **(b)** County of Residence of First Listed Plaintiff _____<br><br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br><br>*(IN U.S. PLAINTIFF CASES ONLY)* |
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Alexander H. Escandari<br>L.A. Trial Lawyers, Inc.<br>9100 Wilshire Blvd., East Tower, Suite 725, Beverly Hills, California 90212<br>Telephone: 310.492.2000 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Peter L. Garchie / James P. Mcdonald<br>Lewis Brisbois Bisgaard & Smith LLP<br>701 B Street, Suite 1900, San Diego, California 92101<br>Telephone: 619.233.1006 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| | |
|---|---|
| **FOR OFFICE USE ONLY:** | Case Number: |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court?<br>☒ Yes   ☐ No<br><br>If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☒  Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐  Orange | Southern |
| | ☐  Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐  YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐  NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐  YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐  NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐  YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐  NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐  YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐  NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1.  Is there at least one answer in Column A?<br><br>☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2.  Is there at least one answer in Column B?<br><br>☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *WESTERN* |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**          DATE: 8/11/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |