O

# United States District Court
# Central District of California

| | |
|---|---|
| ABDOLLAH NOURI,<br><br>Plaintiff,<br><br>v.<br><br>RYOBI AMERICA CORPORATION, a subsidiary of ONE WORLD TECHNOLOGIES, INC.; HOME DEPOT USA, INC.; and DOES 1-50, inclusive<br><br>Defendants. | Case No. CV 2:14-6283-ODW(PJWx)<br><br>**ORDER DENYING DEFENDANT HOME DEPOT USA, INC.'S MOTION TO STRIKE PUNITIVE DAMAGES [7]** |

## I.   INTRODUCTION

Before the Court is Defendant Home Depot USA, Inc.'s Motion to Strike Punitive Damages from Plaintiff's Complaint paragraphs 22 through 24, inclusive, and Prayer paragraph 7 pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 7.)  For the reasons discussed below, the Court DENIES Defendant's Motion.[1]

## II.   FACTUAL BACKGROUND

On June 22, 2012, Abdollah Nouri used a Ryobi circular saw to cut a 2 x 2 piece of wood. (Compl. ¶ 6.)   When the wood became lodged between the blade and the guard of the saw Nouri attempted to remove it with his hand.  (Compl. ¶ 7.)  At

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

this point, the saw became active and severed Nouri's left index finger. (Compl.¶ 7-8.) That same day Nouri underwent surgery with Dr. Bruce M. Ascough. (Compl. ¶ 9.) Nouri suffered pain, bruising, swelling, and the loss of his index finger, which has made it difficult for him to engage in daily tasks. (Compl. ¶ 10.)

On June 18, 2014, Nouri filed suit against Ryobi America Corporation ("Ryboi"), a subsidiary of One World Technologies, Inc., and Home Depot USA, Inc. ("Home Depot") in Los Angeles Superior Court alleging three causes of action: (1) Strict Products Liability—Design Defect; (2) Negligence; and (3) Failure to Warn. (Compl. ¶ 1.) The first two apply only to Ryobi and the third applies to Ryobi and Home Depot. (Compl. ¶ 3-7.)

In the First Cause of Action, Plaintiff alleges that "the conduct and acts of Defendant Ryobi…in allowing such an extremely dangerous saw to be used by a member of the general public…constitute fraud, malice, and oppression toward Plaintiff and a willful and conscious disregard of the safety of Plaintiff." (Compl. ¶ 22.) Plaintiff further alleges that Defendant Ryobi "had advance knowledge of the unfitness of any employee" responsible for the actions and omissions alleged in the Complaint, and that Defendant Ryobi "authorized the ratified wrongful conduct upon which punitive damages are claimed." (Compl. ¶ 23.) Plaintiff attributes "the advance knowledge, conscious disregard, authorization, ratification or acts of oppression, fraud, or malice" to "the officers, directors, and/or managing agents of Defendant Ryobi." (Compl. ¶ 24.)

On August 11, 2014, Defendant Home Depot removed the case to federal court pursuant to 28 U.S.C. § 1441(b), and one week later filed the instant Motion moving to strike from Plaintiff's Complaint paragraphs 22 through 24, inclusive, and Prayer paragraph 7 pursuant to Federal Rule of Civil Procedure 12(f). (ECF Nos. 1,7.) Defendant Home Depot contends that Plaintiff's punitive damages allegations are "conclusory" and therefore do not meet the minimum pleading requirements under California law. (Mot 3.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision whether to grant a motion to strike is made at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds* in *Fogerty v. Fantastic, Inc.*, 510 U.S. 517 (1994)). In using its discretion, the court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527 (9th Cir. 1993). Courts may also grant such a motion in order to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *Fantasy*, 984 F.2d at 1528. Motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because they are often used as a delaying tactic. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

California law governs a Plaintiff's substantive claim for punitive damages under California Civil Code § 3294; however, the Federal Rules of Civil Procedure govern punitive damages claims procedurally with respect to the adequacy of pleadings. *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (citing *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1480 (C.D. Cal. 1996). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading need only "contain … a short and plain statement of the claim showing that the pleader is entitled to relief, and … a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The Central District of California has previously held that "conclusory allegations of

1 oppression, fraud, or malice compl[y] with federal pleading standards for a claim of
2 punitive damages under California law." *Clark*, 231 F.R.D. at 405 (C.D. Cal. 2005).

### IV. DISCUSSION

Defendant Home Depot filed the instant Motion to Strike from Plaintiff's Complaint paragraphs 22 through 24, inclusive, and Prayer paragraph 7 pursuant to Federal Rule of Civil Procedure 12(f). (Mot 1.) Defendant contends that Plaintiff's punitive damages allegations do not meet California Civil Code requirements because they are "conclusory" and therefore do not meet the minimum pleading requirements under California law. (Mot 3.)

The instant Motion is premised on the flawed proposition that Defendant's attack on Plaintiff's punitive damages allegations in the Complaint is a substantive issue. (Mot 3.) The determination of an award of punitive damages brought under state tort claims is a substantive issue so California Civil Code § 3294 governs even if the litigation occurs in federal court. *Clark*, 231 F.R.D. at 406 (C.D. Cal. 2005) (citing *Bureerong,* 922 F.Supp. at 1480 (C.D.Cal.1996). However, the adequacy of Plaintiff's pleading is a *procedural* issue and therefore the Federal Rules of Civil Procedure govern. *Id.*

Defendant concedes that Rule 8 "creates liberal pleading requirements for litigants," yet continues to argue that Plaintiff's punitive damages allegations do not meet the minimum pleading requirements *under California law*. (Reply 2.) Defendant has not provided the Court with any federal authority that contradicts what this District has already held—that is, "conclusory allegations of oppression, fraud, or malice" are sufficient to survive a motion to strike because they "compl[y] with federal pleading standards for a claim of punitive damages under California law." *Clark*, 231 F.R.D. at 405 (C.D. Cal. 2005).

If Defendant wanted to eliminate Plaintiff's punitive damages allegations pursuant to California's heightened pleading standards, Defendant should not have removed the case to federal court.

## V. CONCLUSION

Plaintiff's punitive damages allegations, even if "conclusory" as Defendant contends, are sufficient to survive a motion to strike. For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 7.)

**IT IS SO ORDERED.**

October 9, 2014

_____
             **OTIS D. WRIGHT, II**
        **UNITED STATES DISTRICT JUDGE**